FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB -2  PM 4:06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PIAZZA D'ITALIA HOTEL ASSOCIATES, L.L.C. and DARRYL BERGER COMPANIES, INC., | * <br> * <br> * CIVIL ACTION NO. 02-2247 <br> * |
| Plaintiffs | * SECTION B(5) <br> * |
| VERSUS | * JUDGE LEMELLE <br> * |
| STARWOOD HOTELS AND RESORTS WORLDWIDE, INC., | * MAGISTRATE CHASEZ <br> * <br> * |
| Defendants | * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
MOTION TO QUASH DEPOSITION AND
INCORPORATED MEMORANDUM**

Plaintiffs, Piazza D'Italia Hotel Associates, L.L.C. ("PDIHA") and Darryl Berger Companies, Inc., (collectively "Piazza" or "Plaintiffs") submit this memorandum in opposition to Defendant Starwood Hotels & Resorts Worldwide, Inc.'s ("Starwood") Motion to Quash Deposition of Barry Sternlicht set for February 16, 2004.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No._63_

- 1 -

706596/1

## BACKGROUND

Beginning no later than August 2003 Piazza has repeatedly requested that Starwood provide deposition dates for Starwood's former C.E.O., Barry Sternlicht. [See attached *in globo* as Exhibit A]. As represented in Piazza's Motion to Compel, Mr. Sternlicht's deposition is particularly critical to the case since Starwood has represented that he is the person who would not go forward with its $13 million dollar equity contribution in the Piazza transaction. At a December 8, 2003 Rule 37.1 conference, counsel for Starwood represented that dates for Mr. Sternlicht's deposition would be provided shortly, but within a week, Starwood's counsel instead unilaterally noticed other depositions (of Piazza investors Messrs. Rittvo and Burrus) on a date being discussed for Mr. Sternlicht's deposition.

In fact, it was just recently (after at least 5 months of requests from Piazza) and in response to Piazza's declaration that it would file a motion to compel on this subject, that any date was provided. Starwood provided the single date[1] of February 25, 2004 – the day after Mardi Gras. Counsel for Piazza cannot appear in White Plains, New York to depose Mr. Sternlicht on that date. Although Starwood has indicated that it *may* provide other dates, Piazza cannot rely on this representation due to Starwood's pattern of delay. In consideration of the then March 15, 2004 discovery cutoff, (recently extended by joint motion of counsel to April 7, 2004), and in an abundance of caution, Piazza sought an order, pursuant to the Motion to Compel presently pending before the Court, to order Starwood to provide a selection of dates on

---

[1] Since Piazza filed the Notice of Deposition, Starwood has only offered a limited 3 1/2 hour deposition of Mr. Sternlicht on March 19, 2004 – another date on which Piazza's counsel has a conflict.

which Mr. Sternlicht's deposition may be taken. As a further precaution, Piazza unilaterally noticed Mr. Sternlicht's deposition for February 16, 2004. Piazza desires that a date more convenient for Starwood and Mr. Sternlicht can be agreed upon with the Court's assistance.

## I. The Notice Was Reasonable

Fed. R. Civ. P. 30(b)(1) requires that a party desiring to take the deposition of a person upon oral examination give reasonable notice. Mr. Sternlicht's Notice of Deposition was served upon Starwood's counsel on January 12, 2004. The deposition was noticed for February 16, 2004. Accordingly, Mr. Sternlicht had almost one month's notice, which is reasonable.

The deposition was unilaterally noticed due to the fact that Starwood's counsel delayed for five months in providing any dates whatsoever for Mr. Sternlicht and, ultimately, provided only February 25, 2004 – the day after Mardi Gras. Starwood does not provide any explanation of why he or Mr. Sternlicht is unavailable on February 16, 2004 or for that matter, any explanation as to why he has not been available for five months. On the other hand, Mr. Helfand always demands with particularity a reason why undersigned counsel are not available on dates he proposes.

## II. Piazza Agrees to Depose Mr. Sternlicht in White Plains, New York

Undersigned counsel communicated to Starwood counsel that the noticing of Mr. Sternlicht's deposition in New Orleans was inadvertent. Piazza agrees to depose Mr. Sternlicht in White Plains, New York. This agreement was previously communicated to Starwood. (See attached as Exhibit B).

## CONCLUSION

In light of the lack of cooperation on the part of Starwood to provide dates for Mr. Sternlicht's deposition, it was *reasonable* for Piazza to unilaterally notice his deposition for February 16, 2004. The notice of deposition was served January 12, 2004 and provided Mr. Sternlicht over 30 days notice. Further, Piazza agrees to take Mr. Sternlicht's deposition in White Plains, New York.

Accordingly, unless Mr. Sternlicht or Mr. Helfand can articulate a valid reason for their unavailability on that date or provide an alternative, mutually agreeable date for Mr. Sternlicht's deposition, the court should deny their request to quash the deposition.

Respectfully submitted,

*[signature]*
Phillip A. Wittmann, 13625
Rachel W. Wisdom, 21167
Jennifer G. Mann, 27717
  Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200

Attorneys for PIAZZA D'ITALIA HOTEL ASSOCIATES, L.L.C. and DARRYL BERGER COMPANIES, INC.

706596/1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via facsimile transmission and/or by United States mail, postage prepaid this 2nd day of February, 2004.

*[signature]*

706596/1

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**